# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1739

_____

| | | |
|---|---|---|
| Phillip E. Avery, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Omaha Public Power District, | * | |
| | * | **[UNPUBLISHED]** |
| Appellee. | * | |

_____

Submitted: February 12, 1999

Filed: July 27, 1999

_____

Before MURPHY, LAY, and JOHN R. GIBSON, Circuit Judges.

_____

PER CURIAM.

Phillip E. Avery brought this employment action against his employer, Omaha Public Power District ("OPPD"), under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., alleging that OPPD regarded him as an alcoholic and discriminated against him on that basis. The district court granted OPPD's motion for summary judgment after concluding that Avery was not disabled within the meaning of the ADA. The court also determined that OPPD had a legitimate, non-

discriminatory basis for its actions. Under recent guidance from the United States Supreme Court, we must affirm.

## I.

Avery was employed as a senior licensed nuclear operator at OPPD. He was demoted from his position and required to forfeit his operator's license after he violated a re-entry agreement he previously signed that required him to abstain from all use of illegal drugs and alcohol. He claims that OPPD discriminated against him by requiring him to sign the re-entry agreement and by demoting him from his position as a senior licensed operator after he violated it.

Alcoholism is an impairment that is covered by the ADA. *See Miners v. Cargill Communications, Inc.*, 113 F.3d 820, 823 n.5 (8th Cir. 1997), *cert. denied*, 118 S.Ct. 441 (1997). In this case, Avery does not contend that he is an alcoholic who has an actual disability under § 12102(2)(A) of the ADA. Rather, Avery denies that he is an alcoholic but contends that he is disabled under § 12102(2)(C) of the ADA because OPPD regarded him as an alcoholic who is substantially limited in the major life activity of working. In two recent ADA cases, the Supreme Court provided guidance on what it means to be "regarded as" disabled. *See Sutton v. United Air Lines, Inc.*, ___ U.S. ___, 1999 WL 407488 (June 22, 1999); *Murphy v. United Parcel Serv., Inc.*, ___ U.S. ___, 1999 WL 407472 (June 22, 1999). To be regarded as disabled within the meaning of the ADA, "it is necessary that a covered entity entertain misperceptions about the individual -- it must believe either that one has a substantially limiting impairment that one does not have or that one has a substantially limiting impairment when, in fact, the impairment is not so limiting." *Sutton*, 1999 WL 407488, at *12. Thus, in this case, Avery must show that OPPD regarded him as an alcoholic who is substantially limited in his ability to perform the major life activity of working.

In *Sutton* and *Murphy*, the Supreme Court outlined the relevant EEOC regulations[1] at issue when the major life activity under consideration is that of working. With respect to the major life activity of working, the regulations define the term "substantially limits" as "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2(j)(3)(i). To determine whether an individual is substantially limited in working, courts should consider the geographic area to which the individual has reasonable access, the number and types of jobs utilizing and not utilizing similar training, knowledge, skills or abilities, within the geographical area, from which the individual is also disqualified. 29 C.F.R § 1630.2(j)(3)(ii). As the Supreme Court summarized:

> To be substantially limited in the major life activity of working, then, one must be precluded from more than one type of job, a specialized job, or a particular job of choice. If jobs utilizing an individual's skills (but perhaps not his or her unique talents) are available, one is not precluded from a substantial class of jobs. Similarly, if a host of different types of jobs area available, one is not precluded from a broad range of jobs.

*Sutton*, 1999 WL 407488, at *14.

Under this reasoning set forth by the Supreme Court, Avery has failed to create a genuine issue of material fact as to whether OPPD regarded him as substantially

---

[1]The Supreme Court expressly declined to decide whether the EEOC regulations regarding the disability determination are valid. *See Sutton*, 1999 WL 407488, at *14; *Murphy*, 1999 WL 407472, at *4-5. In deciding the cases, the Court assumed the regulations are valid. We will make the same assumption in this case because the validity of the regulations was not appealed.

limited in the major life activity of working. He has failed to show that OPPD regarded him as unable to perform a class of jobs or a broad range of jobs. Avery argues that OPPD regarded him as unable to perform the class of jobs that are "safety sensitive" positions because OPPD considered him a security risk due to its perception that he is an alcoholic. However, Avery has failed to support his claim by presenting evidence of the number or type of jobs from which OPPD's alleged perception disqualified him. In fact, the evidence is undisputed that OPPD continues to employ Avery in another position that utilizes his skills and has given him unescorted access to the nuclear facility in that position. From the record, it is difficult to see how OPPD regarded Avery as substantially limited in the major life activity of working. At most, Avery has shown that OPPD regarded him as unable to perform the single position of a licensed senior nuclear operator. However, as the Supreme Court made clear in *Sutton* and *Murphy*, the inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working. *See id.* at *14; *Murphy*, 1999 WL 407472, at *5. Thus, Avery has failed to create a genuine issue of material fact as to whether he is disabled withing the meaning of the ADA.

## II.

For the foregoing reasons, we affirm the judgment of the district court.


AFFIRMED.

A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.